U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

**FILED**

JUL 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 8, 2006

VIA TELEFAX

Danielle C. Jahn, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004

    Re:    Sharon Davis

Dear Ms. Jahn:

    This letter sets forth the full and complete plea offer to your client, Sharon Davis. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on June 20, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1.    **Charges:** Ms. Davis agrees to waive indictment and to plead guilty to a one-count criminal information, a copy of which is attached, charging a misdemeanor violation of 18 U.S.C. § 641 (theft of government money). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Davis and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Davis agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Davis' actions and involvement in the offense. It is anticipated that prior to the Rule 11 plea hearing, Ms. Davis will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution:** Ms. Davis understands that, pursuant to 18 U.S.C. § 641, the maximum sentence that can be imposed for a misdemeanor violation is 1 year of imprisonment, and/or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $50 special assessment, a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Davis understands that she is pleading guilty to a Class A misdemeanor and the sentence to be imposed in this case will be determined by the Court pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission's Guidelines Manual 2005 ("Sentencing Guidelines" or U.S.S.G.). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**Federal Sentencing Guidelines:** The parties agree and stipulate that the following Sentencing Guideline Sections apply:

§ 2.B1.1

    (a) Base Offense Level    6
    (b) Specific Offense Characteristics    4

Loss of more than $13,805.93

§ 3E1.1

    (a) Acceptance of Responsibility    -2

TOTAL    8

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the stipulated guideline range is warranted. Accordingly, neither party will seek such a departure or seek an adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

3. **Financial Arrangements:** Ms. Davis agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $50.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Ms. Davis also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

4. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Davis' release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Ms. Davis' voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Davis continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Davis in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Davis does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Davis.

5. **Bond Conditions:** Ms. Davis understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty and at the time of her sentencing. The Court's decision in these regards is not grounds for withdrawal from this agreement.

6. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Davis' criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

7. **Breach of Agreement:** Ms. Davis agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Davis' release (for example, should Ms. Davis commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Davis' offense level or justify an upward departure --

examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Davis will not have the right to move to withdraw the guilty plea; (c) Ms. Davis shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Davis, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Davis has breached this agreement, and if Ms. Davis so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

8. **Court Not Bound:** The Court is not bound by the Sentencing Guidelines. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable guideline range. The Government cannot, and does not, may any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the guideline range.

9. **USAO-DC's Criminal Division Bound:** Ms. Davis understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Davis.

10. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Davis, Ms. Davis' counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Davis may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Davis and her counsel.

                                    Sincerely yours,

                                    KENNETH L. WAINSTEIN
                                  UNITED STATES ATTORNEY

By:                      
                                  MICHAEL T. TRUSCOTT
                                  Assistant United States Attorney

## ACCEPTANCE

I have read this plea agreement, consisting of five pages, and have discussed it with my attorney, Danielle Jahn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 7/24/06

Sharon Davis
Defendant


I have read each of the five pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 7/24/06

Danielle Jahn, Esquire
Attorney for the Defendant